### BILLWILLER et al. v. MARKS.

*(City Court of New York, Special Term. August, 1891.)*

ATTACHMENT—AFFIDAVIT BY AGENT—KNOWLEDGE OF AFFIANT.
An affidavit for an attachment, made by plaintiff's agent, is sufficient where it avers that deponent was familiar with the transaction in question, and that plaintiff is entitled to recover the sum sued for "over and above all offsets and counterclaims;" and it need not state that the facts in regard to the counter-claim "are known to plaintiff."

Action by John W. Billwiller and Charles J. Billwiller against Gabriel Marks. An attachment was issued against the property of defendant, who moves to vacate the same.

*Campbell & Murphy,* for plaintiffs. *William H. Townley,* for defendant.

McCARTHY, J. The defendant moves to vacate this attachment on the original papers on the grounds: (1) That, the affidavit having been made by the agent of the plaintiffs, it must contain, among other things, an averment that the plaintiffs are entitled to recover a sum stated therein, over and above all counter-claims known to them, and that the failure to contain the words "known to them" are jurisdictional and therefore fatal. (2) He submits affidavits, and asks to vacate the attachment on the merits. As to the first objection, the affidavit, I think, is sufficient. The attachment was granted upon the complaint and the verification to the complaint, as well as the affidavit spoken of. In the verification to the complaint it is alleged that the plaintiffs are absent in Europe; that the person making the affidavit is the attorney and agent for the plaintiffs, with full power to carry on their business; and, further, that he is familiar with the transactions herein, and the circumstances concerning them, and had made the sales and delivery. This is stated as the reason why the verification is made by the agent. The affidavit presented by plaintiffs does not allege, as claimed by the defendant, that the facts set forth by him in regard to the counter-claim "are known to deponent." The agent making the affidavit, on the contrary, makes a positive statement as follows: "The plaintiffs are entitled to recover the just and lawful sum of $1,455.45 from the defendant, over and above all offsets and counter-claims due the defendant from the firm of Gabriel Marks & Company, as against plaintiff in this action." This is a positive allegation. The affiant then proceeds to state the reasons why he makes this positive allegation. It is thus seen that the agent makes a positive averment of the necessary facts, and explains, if that was necessary, that the plaintiffs are in Europe, and that he knows all about the transaction, having sold and delivered the goods to defendant. In the case of *Murray* v. *Hankin,* 3 N. Y. Civil Proc. R. 343, (which was decided in 1883,) cited and relied upon by defendant, the affidavit made by the agent contained the words "known to deponent." This was, of course, fatal, but here we have a positive statement, and "therefore" not an analogous case. But it is contended that the affidavit should have contained the words "known to him" or "known to the plaintiffs." In *Gribbon* v. *Back,* 35 Hun, 543, DANIELS, J., says: "It appears by the affidavit of the agent that he personally sold and delivered the goods to the defendants, by which the indebtedness was created, and that the plaintiffs themselves were in no manner personally connected with the transaction. The business was carried on solely and exclusively for them by their agent in the city of New York, while they resided in Great Britain. The agent was the person, therefore, who had knowledge of all the facts out of which the indebtedness had arisen, and knew whether any counter-claims existed against it in favor of the defendants. And where the person making the affidavit bears such relation to the transaction, and possesses that degree of knowledge as the agent is stated to have had in this instance, the authority referred to assumes that he may properly make this affidavit on behalf of his principals." Section 636 of the Code of Civil Procedure does not require that the affidavit shall be made by the plaintiff, or by one or more of several plaintiffs. All that has been required is that the requisite facts shall be shown by affidavits that the amount claimed is due over counter-claims, and that may be done by the individual through whose personal agency the property has been sold, or the debts have been otherwise created, when his principals have in no way participated in the transaction. See, also, opinion of DANIELS, J., in *Hill* v. *Power Co.,* (Sup.) 14 N. Y. Supp. 517. Again, it is not necessary, in order

to sustain such affidavit, that the words "known to him" or "known to plaintiff" should be used. If the affiant, as in this case, swears positively to the facts, that is sufficient. In *Lamkin* v. *Douglass*, 27 Hun, 518, the court says: "The words ' known to him' are intended rather in relief of the conscience of the affiant. One might hesitate to state positively that the amount claimed was due to him over and above all counter-claims, since some counterclaims might exist of which the affiant had no knowledge. The omission of these words, therefore, strengthens, rather than weakens, the affidavit; nor can we adopt a construction which would render it necessary that the affidavit should always be made by the plaintiff, and could not be made by an agent. We must consider that the intent is to satisfy the court that the amount claimed is really owing. Sometimes the agent of a plaintiff may know more of a matter than the plaintiff himself." If there was any doubt in my mind I should be controlled by the decisions of the general term of this court. In *Mallary* v. *Allen*, 7 N. Y. Civil Proc. R. 287, and *Bates* v. *Pimstein*, Id. 300, it was held in very elaborate opinions that an affidavit similar to the one at issue was sufficient, and where matters are positively sworn to, the court will not infer that they are not within the personal knowledge of the affiant. *Pierson* v. *Freeman*, 77 N. Y. 589. All the cases cited in favor of sustaining this attachment were decided after the case of *Murray* v. *Hankin*, and, therefore, must control. I have carefully read the affidavits presented, and believe that the defendant has fully explained his position in this matter, and that there was no intention on his part to either dispose of his property, or to cheat and defraud his creditors. He was embarrassed, it is true; but our best business men are sometimes, by no fault of theirs, placed in the same position. It would not be said that they were about to cheat and defraud their creditors. The motion to vacate the attachment is therefore granted on the merits.