Appeal from special term, Orange county.
Action by Almeda Waterbury against James Eliphalet Waterbury to recover money alleged to be due. From an order denying a motion by Harriet E. Drew, a junior attaching creditor of defendant, to set aside plaintiff's attachment on the papers on which it was granted, said Drew appeals.
Argued before DYKMAN, PRATT, and CULLEN, JJ.

M. N. Kane, for appellant.
J. V. D. Benedict, for respondent.

PRATT, J. We think the affidavit of plaintiff was sufficient to call upon the court to exercise its discretion, and that will suffice to give jurisdiction. In opposition to the motion to vacate the attachment, the plaintiff argues that the moving papers do not show a valid attachment in favor of the subsequent creditor. As we are of opinion that plaintiff's papers are sufficient, we are not compelled to analyze those of the subsequent creditors. Order affirmed, with costs.

## CENTRAL NAT. BANK OF TROY v. FORT ANN WOOLEN CO. et al. (two cases).

## BARKER, Respondent, v. FORT ANN WOOLEN CO. et al., Appellants (two cases).

(Supreme Court, General Term, Third Department. February 13, 1894.)

Appeal from special term, Rensselaer county.
Two actions by the Central National Bank of Troy against the Fort Ann Woolen Company and John M. Barnett, and two actions by Stephen W. Barker against the same defendants. From an order in each case denying a motion by the Glen First National Bank, a subsequent attaching creditor, to vacate and set aside a prior attachment obtained by plaintiff, said Glen First National Bank appeals.
Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

King & Ashley (Edgar T. Brackett, of counsel), for appellants.
Warren, Patterson & Faulkner (Charles E. Patterson, of counsel), for respondent.

PER CURIAM. Order affirmed on opinion of the court below (24 N. Y. Supp. 640), with costs and disbursements in each case.