NASON MANUFACTURING COMPANY, Respondent, *v.* CRAFT REFRIG-
ERATING MACHINE COMPANY, Appellant.

*Attachment — affidavit as to the affiant's being an officer of the plaintiff corporation,*
*supplemented by the complaint.*

The objection that no inference can be drawn from the statement that the
affiant is the treasurer and general manager of the plaintiff, contained in an
affidavit upon which a warrant of attachment was granted, that the affiant was
in fact an officer of the corporation at the date of the transaction sued upon, is
obviated when the complaint, which accompanies the affidavit, is referred to
in it, and forms part of the papers on which the attachment was granted, con-
tains a statement in its verification that the person making such affidavit, as
treasurer of the plaintiff, had read the complaint, and "that the same is true of
his own knowledge."

APPEAL by the defendant, the Craft Refrigerating Machine
Company, from an order of the Supreme Court, made at the New
York Special Term on the 22d day of October, 1894, and entered
in the office of the clerk of the county of New York, denying the
defendant's motion to vacate the warrant of attachment granted in
the action.

*Frederick Seymour*, for the appellant.

*Charles De Hart Brewer*, for the respondent.

PER CURIAM:

The attachment was granted upon an affidavit and complaint,
both of which were verified by Samuel Greason on September 5,
1894. The cause of action was for goods sold and services per-
formed during a period of about fifteen months prior to and end-
ing on August 22, 1894. Mr. Greason swears in his affidavit, used
upon the attachment, that he is the treasurer and general manager
of the plaintiff. The two objections presented against the sufficiency
of such affidavit and complaint are that there is no allegation that
the goods were reasonably worth any sum, and that it is not stated
that at the time the goods were sold and delivered or the services
performed Mr. Greason had any connection with the plaintiff
corporation.

The first objection is disposed of in the opinion of the court

below. In regard to the second, while it is true that in the affidavit the statement appears that Mr. Greason *is* the treasurer and general manager of the plaintiff, it is insisted that no inference from this can be drawn that he was such officer at the dates of the transactions sued upon. Whatever force there might be in this is met by the complaint, which accompanied the affidavit and was referred to in it, and was part of the papers on which the attachment was granted, and which in its verification contains the statement that as treasurer of the plaintiff he has read the complaint, and "that the same is true of his own knowledge." The support thus furnished to the affidavit by the complaint in respect to both objections as to the sufficiency of the papers entirely disposes of and answers them.

We think that the order appealed from was right and should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., and O'BRIEN, J.