LEVI WASHBURN, as Sheriff of Jefferson County, Respondent, *v.* CARTHAGE NATIONAL BANK, Appellant.

*Attachments — sufficiency of affidavits and complaint — title of sheriff levying — measure of damages in trover.*

In cases where an attachment is granted upon affidavits and also upon a verified complaint, both are to be considered in determining whether the statutory requirements for an attachment have been met.

A complaint verified by an agent, who states that he had full charge of the plaintiff's business; that he knew the facts, and that the plaintiff did not know them, and who in the complaint, and in an affidavit accompanying it, makes allegations, not upon information and belief, which in substance, though not in form, comply with the requirements of the statute, presents a case in which the attachment should be sustained.

An officer who levies under an attachment acquires a special property in the personalty seized, which enables him to maintain an action, in the nature of trover, against any person who unlawfully interferes with his possession.

In such an action the plaintiff is entitled to recover as damages the value of the property taken or used at the time and place when and where it was so taken or used, and the fact that the property was of such a nature (*e. g.*, a liquor for tanning hides in use in a vat) that, if removed, it would have been worthless to the purchaser does not change the rule of damages.

APPEAL by the defendant, the Carthage National Bank, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 13th day of March, 1894, upon the verdict of a jury rendered after a trial at the Jefferson Circuit, and also from an order bearing date the

1st day of March, 1894, denying the defendant's motion for a new trial made upon the minutes.

*W. B. Van Allen* and *Watson M. Rogers*, for the appellant.

*A. E. Kilby*, for the respondent.

MARTIN, J.:

On and prior to May, 1892, Thomas Revell was operating a tannery in the village of Carthage. He was at that time indebted to Florence L. Merriam in the sum of about $1,363.36, and was also indebted to the defendant in about the sum of $6,300. On the 12th of May, 1892, Revell made a general assignment for the benefit of his creditors, which was subsequently set aside as to Mrs. Merriam and the defendant.

On the trial the defendant claimed that on the ninth or tenth of May Revell verbally authorized it to take possession of the tannery and appurtenances, for the purpose of securing his indebtedness to it. On the twentieth of May a suit was commenced by Mrs. Merriam upon her claim, an attachment was granted, and on that day a deputy of the plaintiff executed the attachment by levying upon certain personal property of Revell, including 272 cords of tanbark and a quantity of tanning liquor in the vats at such tannery. At the time the attachment was levied the tannery was in operation, hides were in the liquor in the vats, and the bark was in the yard. The tannery was the property of Mr. Dickerman. The hides belonged to Albert J. Foster. The contract between Foster and Revell for tanning these hides had been assigned to the defendant as collateral security for Revell's indebtedness, but it did not realize enough thereon to pay its indebtedness into about $1,000.

After the attachment was levied the property was left upon the premises with the consent of the owner of the tannery, and the plaintiff, by his deputy, forbade the defendant's employees from interfering with or using the property he had attached. Notwithstanding this, the defendant used the liquor and a large quantity of the bark levied upon. It was to recover the value of the liquor and bark thus used that this action was brought.

The principal contest on the trial, so far as the right of the plaintiff to recover was concerned, was whether before the levying of the

attachment upon the property in question. Revell had made a valid transfer or pledge of the bark and liquor in question to the defendant to secure his indebtedness to it.    While it was shown that the defendant had made claim to the property under certain chattel mortgages, yet the only claim now made by the defendant is under the alleged transfer or pledge.

The question whether there was such a transfer or pledge was submitted to the jury, and it found there was not.    After examining the evidence bearing upon this question, together with the circumstances attending and surrounding the transaction as disclosed, we are satisfied that the question whether there was such a transfer or pledge was one of fact for the jury, and we see no reason to disturb its finding thereon.

The appellant also contends that the verdict was wrong so far as it found against the defendant the sum of $300 for the liquor in the vats which was used by it.    It was shown by the evidence of witnesses called by the plaintiff, and by the defendant as well, that the liquor in question was worth from $300 to $800.    The jury found its value to be $300.    That it was of that value to the defendant there can be no doubt.    Nor is there any question but that it would have been of that value to any person who had occasion to use it at once in the vats where it was.    But the appellant insists that as its removal to another place or a failure to use it at once would have rendered it valueless, the plaintiff should recover only nominal damages, although it may have been of much greater value to the defendant than the sum allowed by the jury.    We do not think this contention should be sustained.    As the proof disclosed the value of the property at the time when and place where it was taken by the defendant, we think the plaintiff was entitled to recover its value at that time and place, and that the jury was not bound by the speculations or statements of witnesses as to what its value might have been under other circumstances or conditions.

We think that the defendant's contention, that the affidavits upon which the attachment was granted were insufficient, cannot be sustained.    The particular contention made by the defendant is that they omitted to state that the plaintiff was entitled to recover a sum stated, over and above all counterclaims known to him, and that the affidavit was in part upon information and belief, and the sources of

his information and the grounds of his belief were not stated. It is, perhaps, fair to the appellant to say that this point was made upon the proof as to the contents of one of the affidavits, and not upon the affidavit itself, it not having been produced at the trial, but having been subsequently received and made a part of the case.

An examination of the papers upon which the attachment was granted discloses that it was granted upon the complaint, verified by Scudder Todd, who was the agent of the plaintiff, and who in his affidavit of verification to the complaint stated that he had full charge of the plaintiff's business, knew the facts set forth in the complaint, and that the plaintiff personally did not. None of the allegations of the complaint were upon information and belief. They disclosed that the defendant was indebted to the plaintiff for the amount claimed, and that no part thereof had been paid. Todd also verified the additional affidavit used in procuring the attachment. After stating the grounds of the action, it was stated therein that the plaintiff was justly entitled to recover from the defendant $1,363.36, with interest thereon from February 10, 1892, and that there were no counterclaims, discounts or offsets existing in favor of the defendant, to the knowledge or belief of the deponent. It was also stated that the deponent was the general agent of the plaintiff, was fully authorized to collect the notes by suit, and was conversant with the plaintiff's business, and that the plaintiff was not conversant with it. These allegations were, we think, a sufficient compliance with the statute, and although they did not conform to its precise wording, yet they were within the spirit of its provisions, and sufficient to give the judge jurisdiction to grant the attachment. (*Lamkin* v. *Douglass*, 27 Hun, 517; *Edick* v. *Green*, 38 id. 202, 209; *Billwiller* v. *Marks*, 21 N. Y. Civ. Proc. Rep. 162; *Mallary* v. *Allen*, 15 Abb. N. C. 338; *Bates* v. *Pinstein*, Id. 480; *Central National Bank of Troy* v. *Ft. Ann Woolen Co.*, 57 N. Y. St. Repr. 316; affd. on opinion of Special Term, 60 id. 873; *Nason Mfg. Co.* v. *Craft Co.*, 81 Hun, 578.) That the complaint and affidavit together contained a sufficient specification of the ground of the plaintiff's claim we have no doubt.

The plaintiff's right to maintain this action for the conversion or destruction of the property attached cannot be successfully challenged. It seems to be well settled that an officer who attaches

personal property in the manner prescribed by law, acquires a special property therein which enables him to maintain an action in the nature of trover against any person who unlawfully interferes with it. (26 Am. & Eng. Ency. of Law, 750, and cases cited.)

We have examined each of the several rulings to which our attention has been called by the appellant in its brief, but have found none that would justify us in reversing the judgment or that need be specially discussed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.