NATIONAL SHOE & LEATHER BANK v. NEW YORK LIFE INSURANCE & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

1. PROMISSORY NOTE—TIME OF PAYMENT—CONDITIONS.

Upon a motion to vacate an attachment in an action upon promissory notes which upon their face were not due, it appeared that, by an agreement between the parties, upon the occurrence of any change in the defendants' financial condition materially reducing their liability to pay all claims and demands, all of the notes in suit were, at the plaintiff's option, to become due. It also appeared that their net assets fell off $40,000 within about two months, and on this ground the plaintiff exercised its option, when a receivership of the defendants' affairs was immediately impending. *Held*, that the facts established such a change in the defendants' financial condition as to warrant the election to consider the notes due.

2. ATTACHMENT—AFFIDAVIT BY CORPORATE OFFICERS.

If, upon an application for an attachment, in an action by a bank upon promissory notes given by the defendants for loans, the necessary jurisdictional allegations are made upon knowledge by the plaintiff's vice president, the circumstances and the relation of the affiant to the bank are such that the inference can fairly be drawn that he has the knowledge which he claims to have.

Appeal from special term, New York county.

Action by the National Shoe & Leather Bank, of the city of New York, against the New York Life Insurance & Trust Company, impleaded with others. From an order of the special term granting a motion to vacate an attachment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

C. N. Bovee, Jr., for appellant.
W. Benton Crisp, for respondents.

BARRETT, J. We think the affidavits here were amply sufficient to confer jurisdiction to grant the attachment. The application to vacate the warrant was not made by the defendants, but by a junior attaching creditor; and it was made solely upon the papers upon which the attachment was granted. The affidavits fairly show that a change had occurred in the defendants' financial condition, which materially reduced their ability to pay all claims and demands against them. The agreement between the parties was that, upon the occurrence of such a change, all of the defendants' obligations in the hands of the bank should, at the latter's option, immediately become due and payable. It was shown by the statements of Charles M. Allen, the defendants' attorney in fact, made to the plaintiff's vice president, that in April, 1898, there was a considerable increase in the de-

fendants' liabilities, to the extent of at least $40,000, since the 31st of January, 1898, and that Mr. Allen, of his own knowledge, could not show a like increase in the assets.    It was also shown that on the 20th day of April, 1898, the plaintiff received from the defendants a notice dated April 19, 1898, to the effect that they had been placed in the hands of a receiver.    This certainly, if not, as claimed by the appellant, evidence of insolvency, was at least evidence of a substantial change in the defendants' financial situation.    The plaintiff exercised its option upon the 18th day of April, 1898; and it was entirely justified in doing so, by what Mr. Allen had informed its vice president.    It was equally justified by the fact that the defendants' financial situation upon the 18th day of April was such that a receivership was immediately impending.    The essential facts here are sufficiently established by competent proof, and the respondents' objections are hypercritical.    These facts are either proved by the statements of the defendants' attorney in fact, or by the statements of the defendants themselves.    The facts which are not thus established are stated upon the affiants' knowledge, and there is nothing either in the situation of these affiants or the nature of the facts stated by them to throw doubt upon the assertion of knowledge.    The circumstances and the relation of the affiants to the bank are clearly such that the inference of knowledge can fairly be drawn.    The case is, consequently, not within the rule laid down in Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, and similar authorities.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs.    All concur.