E. & H. T. ANTHONY & CO. v. FOX.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. ATTACHMENT—AFFIDAVIT OF DEFENDANT'S NONRESIDENCE.

An affidavit alleging affiant to be secretary and treasurer of plaintiff corporation, and, on information and belief, that defendant is a nonresident, and stating the sources of his information to be affidavits of third parties filed therewith, showed defendant's nonresidence sufficiently to warrant an attachment against him.

2. SAME—AFFIDAVIT BY OFFICER OF CORPORATION.

An affidavit for an attachment in favor of a corporation, in an action for goods sold, in which affiant states that he is secretary and treasurer of plaintiff, and that all the material allegations are true, of affiant's personal knowledge, is sufficient, though it does not state that affiant was in any way connected with the corporation at the time the goods were sold.

Appeal from special term, New York county.

Action by E. & H. T. Anthony & Co. against Ivan Fox. From an order vacating a warrant of attachment (64 N. Y. Supp. 273), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry B. Ketcham and Everett J. Esselstyn, for appellant.

Wilson Lee Cannon, Jr., for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff, a domestic corporation, between on or about the 14th of August, 1899, and the 4th of October, 1899 (both dates inclusive), at the special instance and request of the defendant sold and delivered to the defendant certain goods, wares, and merchandise, of the reasonable value, and fairly worth, and for which the defendant promised to pay, the sum of $424.63, for which sum the complaint demanded judgment. Upon this complaint, and affidavits of Frederick A. Anthony and others, the plaintiff procured a warrant of attachment; the defendant being a nonresident. The defendant moved to vacate this attachment upon the papers upon which it was granted; the ground being that the papers are insufficient and fatally defective, as they contain no competent or legal evidence that the defendant is a nonresident of this state, and in that they do not show that a cause of action exists in favor of the plaintiff against the defendant. The court below vacated the attachment upon the ground that there was no proof whatever that, at the time the transaction between the plaintiff and the defendant took place, Frederick A. Anthony, whose affidavit was depended upon to prove that the plaintiff had a cause of action, had any connection whatsoever with the company; nor did it seem possible to infer the existence of any such relation at any prior time from the mere averment that at the time the affidavit was made such a relation did exist. The affidavit upon which the motion was granted alleges that the affiant is the secretary and treasurer of the plaintiff; on information and belief, that the defendant Fox is a nonresident; that on or about the 14th day of August, 1899 (both dates inclusive), the plaintiff, at the instance and request of the defendant, sold and delivered to the defendant goods, wares, and merchandise of the reasonable value, and fairly worth, and for which the defendant promised to pay, the sum of $424.63 (and annexed to the complaint, and marked "Exhibit A" is an itemized statement of said sales and deliveries); and that the plaintiff is entitled to recover from the defendant the said sum of $424.63, with interest as aforesaid, over and above all counterclaims known to the plaintiff or deponent. There were other affidavits as to the nonresidence of the defendant, and the complaint in the action was submitted to the justice granting the attachment. This complaint was verified by Frederick A. Anthony, who swore that he was secretary and treasurer of the plaintiff; that he had read the complaint and knew the contents thereof, and that the same was in all respects true, of his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believed it to be true; that the reason why the verification was made by deponent and not by the plaintiff was that the plaintiff was a domestic corporation, and that the deponent was an officer thereof, to wit, its secretary and treasurer; "and that all the material allegations of

said complaint are true, of deponent's personal knowledge." As to the nonresidence of the defendant, we think the affidavits contain a sufficient statement of facts, to the knowledge of the persons making them, to justify a finding that the defendant was a nonresident, and that statements made by his employés in answer to inquiries at his place of business, evidence of the city directories of New York and Philadelphia, and the other facts sworn to, are sufficient to justify a finding that the defendant is a resident of the state of Pennsylvania.

The ground upon which the justice vacated the attachment is, as stated in the notice of motion, that the affidavits are insufficient and fatally defective, in that they do not show that at the time a cause of action existed in favor of the plaintiff against the defendant. The learned judge with reluctance came to the conclusion that, under certain decisions of this court and of the late general term, he was compelled to hold that, as the affiant upon whose affidavit this attachment was granted did not in terms state that he was an officer of this corporation at the time the goods were sold, his testimony as to the sale and delivery of the goods could not be accepted as proof of the fact of such sale and delivery, notwithstanding the affiant swore positively to the facts, and further swore that all of the material allegations of the complaint were true, of deponent's personal knowledge. We have held (and we do not intend to question the propriety of these decisions) that where an assignee of a claim makes an affidavit that his assignor had a valid claim against the defendant, and nothing appears from the papers to indicate that the assignee had any relation to the transaction, or had any personal knowledge of the facts upon which the cause of action is based, such an affidavit fails to furnish evidence from which the court is justified in finding that a cause of action exists in favor of the plaintiff against the defendant; and the principle of these cases has been extended to an affidavit made by an officer of a corporation, where nothing appears in the affidavit to show that he was an officer at the time of the transaction, or that he had personal knowledge of the facts out of which the cause of action arose. The principle that we have intended to establish by these and similar cases is that to obtain a warrant of attachment, whereby a defendant's property is forcibly taken from him without an opportunity of being heard, there must be presented to the justice granting the attachment competent common-law evidence of the facts upon which the right to the attachment is based. The question is always whether this evidence of the affiant in the affidavits presented to the justice granting the attachment would, if introduced upon the trial, justify a verdict for the plaintiff, or, in other words, upon the facts sworn to by affidavit being testified to by a competent witness before a jury, would the jury be justified in rendering a verdict for the plaintiff? If upon the trial of this action Mr. Anthony, who made this affidavit, was called as a witness, and testified without contradiction that he was secretary and treasurer of the corporation; that he had personal knowledge of the sale of the goods by the plaintiff; that the plaintiff sold to the defendant the goods specified, for which the defendant promised to pay the sum that the plaintiff seeks to recover;

and that such goods were actually delivered to the defendant,—there can be, I think, no doubt that the plaintiff would have been entitled to a verdict; and, certainly, if upon the trial of the action the jury would have been justified in finding a verdict upon the facts testified to before them, when such facts are positively sworn to in an affidavit presented to the justice who granted the attachment, his action in granting the attachment should not be reversed.

We are quite confident that none of the cases referred to by the learned judge decides anything in hostility to this view, although it is possible that expressions used in some of the opinions might be construed as going further than the facts in the particular case would warrant; but in all such cases the language used by the judge in writing the opinions of the court must be construed as applying to the particular facts that appeared in the case under consideration. In this case Mr. Anthony on the 17th day of November, 1899, swore that he had personal knowledge that the company of which he is secretary and treasurer sold and delivered to the defendant, upon a day named, certain goods, wares, and merchandise. What is there that appears from the face of these papers from which an inference could be drawn that this allegation was not strictly true? Would it have been made any more probable if Mr. Anthony had sworn that he was secretary and treasurer of the company between the months of August and October, when he alleges these goods were sold? Certainly the court cannot assume that he committed perjury when he made this distinct allegation of personal knowledge of the transaction; and yet, to vacate this attachment upon the ground that the court had no evidence as to the cause of action upon which the plaintiff seeks to recover, we must assume, without the slightest evidence to justify it, that the secretary and treasurer of this company committed perjury; for, if this allegation is true (that is, if the affiant did have personal knowledge of the transaction), his testimony as to the sale and delivery of the goods was certainly competent evidence, which any court would be bound to receive. What the Code requires the plaintiff to do, to obtain such a warrant, is to show by affidavit, to the satisfaction of the judge granting the same, "that one of the causes of action specified in the last section exists against the defendant" (section 636); and it shows that by presenting an affidavit of an officer of the plaintiff, swearing that he had personal knowledge of the transaction between the plaintiff and the defendant, and that the plaintiff sold and delivered to the defendant the goods, wares, and merchandise for which a recovery is sought; and the justice, by granting the attachment, indicated that this affidavit did show to his satisfaction that a cause of action specified did exist. He thus had competent legal evidence of that fact to satisfy him of the existence of the cause of action.

A review of the authorities relied on by the learned justice would be of little value in the decision of this question. In none of them did the affiant make a positive averment that he had personal knowledge of the transactions as to which he testified in his affidavit; and, as before stated, the expressions in the opinions must be construed as applying to the particular form of the affidavits used in each of

those cases. Thus, in Bank v. Hall, 60 Hun, 466, 15 N. Y. Supp. 208, where Mr. Justice Barrett says: "I agree that a person who was not president at the time of the corporate transaction presumptively speaks of it upon information, and that the presumption of personal knowledge only arises when he swears positively to a corporate transaction occurring at a time when he makes it clear that he was president,"—it was not intended to say that the evidence of no person except the president would be received to show that the corporation sold goods to another. He was speaking of a case where there was no positive allegation of personal knowledge of the transaction, and no allegation that the defendant had any connection with the company at the time of the transaction out of which the cause of action arose. And Mr. Justice Patterson, in agreeing with Mr. Justice Barrett in his opinion, said that the affidavit was defective, in that it did not state his relation to the corporation at the time the goods were sold; but the learned justice did not intend to intimate that the evidence of no one, no matter what his personal knowledge of the transaction between the parties may have been, would be received, unless he showed that he was connected with the vendor at the time of the transaction. Following that case was Stove Co. v. Darling, 81 Hun, 564, 30 N. Y. Supp. 1033, where the general term in this department expressly distinguished the former case by holding that the "positive assertion of personal knowledge of all the facts essential to the statement of a cause of action, considered with a statement of his official connection with the plaintiff, was sufficient to support the warrant of attachment issued." And here is presented the distinction between the cases. In one case a person having no connection with the plaintiff, without stating that he had personal knowledge of the transactions, deposed to certain transactions between the plaintiff and the defendant; and it was held that that was insufficient, the principle being that he must either have personal knowledge of the transaction, or show such a relation to one of the contracting parties, or to the transaction itself, from which the inference of personal knowledge can be drawn. So the cases of Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, and Tucker v. Goodsel Co., 14 App. Div. 89, 43 N. Y. Supp. 460, present substantially the same case as was presented in Bank v. Hall, supra. In the Hoorman Case the rule was thus stated:

"We think the better and safer rule is the one heretofore uniformly adhered to in this department, viz. that the mere averment of facts as upon personal knowledge is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers."

In the Tucker Case the court said:

"Where, however, he does not speak as such a direct actor,—where, in fact, he speaks apparently as a stranger to the transaction,—it matters not how positively he so speaks, how firmly he asserts his personal knowledge of the facts averred, he must still furnish the evidence of such facts. Under such circumstances his verified allegation 'shows' nothing 'by affidavit.' He simply pleads the facts. He pleads them positively, it is true, and upon personal knowledge. But he does not prove them. And a person standing as he does in relation to the cause of action must prove them."

In both of these cases the plaintiffs were assignees of the claim sued on. Their affidavits showed no relation with the assignors, except that they were assignees of the demands sued on. In the Tucker Case the plaintiff, a resident of this state, alleged a transaction in England between his assignor and the defendant, when, from the circumstances, it was improbable that he had personal knowledge of the facts, and the opinion related to this state of facts,—a condition in which, from the situation of the parties, it was obvious that the affiant was speaking, not from personal knowledge, but from knowledge derived from communications or statements to him which were not evidence that would be competent, in a court of justice, to establish any fact. In none of these cases to which attention has been called would the evidence of the affiant have been received on the trial of the action as evidence of the fact that he was required to establish. It therefore was not competent evidence to prove the fact that plaintiff was required to prove to obtain an attachment, and for that reason we held that the attachment should have been vacated. The distinction between this case and the others cited is apparent. Here there is not the slightest reason to suppose that the secretary and treasurer of this company did not have personal knowledge of the transactions between his company and the defendant. He swears positively that he did; thus speaking as a direct actor, not as a stranger to the transaction, as in the Tucker Case. And we have no right to reject his positive affirmation of that fact, unless we are prepared to say that he is guilty of perjury, without his affidavit being denied, or a single suspicious circumstance which would justify a doubt as to its verity. If it had appeared in this affidavit that when this transaction occurred Mr. Anthony was in Europe, and could have had no personal knowledge of the transaction, the allegation of personal knowledge might be disregarded. In cases of this kind there must be proof by affidavit made by a witness who would be competent to testify to the facts required to entitle the plaintiffs to the writ; and if, upon the whole affidavit, it should appear that the evidence of the affiant as to the transaction required to be established would be received upon the trial, the affidavit is sufficient to support the attachment. I do not wish to be understood as intimating that there are no exceptions to this rule, and that attachments are not properly granted even where competent legal evidence of the cause of action cannot be or has not been obtained, as allegations of material facts upon information and belief, where the sources of the information and the ground of belief are stated, and a failure to produce better evidence is excused by the conditions existing, have been held sufficient to sustain an attachment; but, certainly, where an affidavit is presented stating facts which would be competent to prove the cause of action alleged in the complaint, made by a person who would be a competent witness as to those facts upon the trial, the existence of the cause of action is proved, within this section of the Code before cited.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs. All concur.