·VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.

———

ROSALIE M. STEELE and Others, Respondents, *v.* R. M. GILMOUR MANUFACTURING COMPANY, Appellant.

*Attachment — sufficiency of an affidavit of an agent — allegation as to no counterclaims — basis of statement that defendant is a foreign corporation.*

Where the affidavit used on a motion to obtain a warrant of attachment is made by an agent of the plaintiff who has personal knowledge of the entire transaction, a statement contained in such affidavit that "there are no counterclaims, discounts or set-offs existing in favor of the defendant, except as above stated, ·to his knowledge," is a sufficient compliance with that provision of section 636 of the Code of Civil Procedure which requires the affidavit to show that the plaintiff is entitled to recover the sum stated therein "over and above all counterclaims known" to plaintiff.

What evidence that the defendant is a foreign corporation, based upon information to that effect derived from private publications called the "Partnership and Corporation Directory" and the "Directory of Foreign Corporations," and upon a telegram from the Secretary of State of the state in which the corporation is alleged to be incorporated, is sufficient to support the attachment, considered.

VAN BRUNT, P. J., dissented.

APPEAL by the defendant, the R. M. Gilmour Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of October, 1902, denying the defendant's motion to vacate a warrant of attachment theretofore issued in the action.

*P. Q. Eckerson,* for the appellant.

*George W. Wickersham,* for the respondents.

HATCH, J. :

This action was brought to recover a balance claimed to be due for the rent of certain premises. The attachment procured therein was based upon the affidavits of the agent of the plaintiffs and upon the complaint in the action, verified by such agent. The affidavit sets forth that deponent is the agent of the plaintiffs and has had entire charge for ten years last past of the collection of all rents of property owned by the plaintiffs in the State of New York, and that he is entirely familiar with their financial circumstances; that a cause of action exists in favor of the plaintiffs against the defendant to recover a sum of money, to wit, $858.36 as damages for a breach of contract other than a contract of marriage ; that the plaintiffs herein let and rented to the defendant, on the 13th day of February, 1894, the premises known as 84 John street in the city of New York; that the defendant went into possession under the lease and continued therein until May 1, 1902; that after the expiration of the same the defendant continued in possession of said premises and thereby elected to continue his tenancy thereof for another year from May 1, 1902, upon the terms and conditions provided by the last renewal of the lease; that by its terms the annual rental is the sum of $2,300 per year, payable in equal monthly installments in advance; that the defendant has not paid the rent for the months of March to October, inclusive, amounting in the aggregate to $1,533.36, except the sum of $675 received from various insurance companies for a period during which said premises were uninhabitable, leaving the sum of $858.36 due and owing from the defendant to the plaintiffs on the last day of October, 1902 ; that the said sum has been demanded of the defendant and payment thereof refused.

The knowledge of the agent is stated in the following language : "Deponent's knowledge as to the matters aforesaid is derived from having entered into the agreement with the said defendant for the lease of said premises, and from having made the various renewals thereof, and from conversations had with R. M. Gilmour, the president of the defendant, and from his personal knowledge of the amount of rents received from time to time under said lease and the

renewals thereof, and the plaintiffs are justly entitled to recover therefrom * from the said defendant the sum of eight hundred and fifty-eight and 36/100 dollars ($858.36) with interest from the first day of October, 1902, and deponent further says there are no counterclaims, discounts or set-offs existing in favor of the defendant, except as above stated to his knowledge."

The complaint in the action avers that the defendant is a foreign corporation, organized under the laws of the State of New Jersey; sets up the making of the lease to the defendant and the renewals thereof; the entry by the defendant into the occupation of the same; the amount of rents that have accrued thereon and the sum remaining due and unpaid, for which judgment is demanded.   The verification of the agent states that the contents of the complaint are true to his knowledge, except as to matters alleged upon information and belief; that the reason why the verification is not made by plaintiffs, or any of them, is that none of them resides in the county of New York, where deponent resides, and that all of the material allegations of the complaint are within the personal knowledge of the deponent, he having had charge of all the business affairs of the plaintiffs for a period covering the last ten years, and made the lease and renewals referred to in the complaint, and has collected the rents during the entire period thereof.   The defendant moved to vacate the attachment upon the papers on which it was granted, the claim being that the averments contained in the affidavit and complaint were insufficient to support the same.   The motion to vacate was denied, and from the order entered thereon the defendant appeals.

The first contention of the defendant is that the affidavit is insufficient in that it fails to state that the plaintiffs are entitled to recover a certain sum "over and above all counterclaims known to plaintiffs."   The language of section 636 of the Code of Civil Procedure in this regard states that "the affidavit must show that the plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him."

The criticism by the defendant upon the proof in the present case is, that while the Code requires that the statement shall be to the effect that it is over and above all counterclaims known to the

---

* *Sic.*

plaintiffs, the statement of the affidavit is that it is over and above all counterclaims known to the deponent, and, therefore, that the plaintiffs' knowledge upon the subject is neither given nor made to appear. This criticism is unavailing. The knowledge of the agent with respect to the subject-matter of the action is the knowledge of the plaintiffs, and as it appears that the whole transaction was within the agent's personal knowledge, the statement made by the agent becomes the statement of the plaintiffs and is to be taken the same as though the plaintiffs had made the affidavit. The sufficiency of such averment was decisively settled in _Washburn_ v. _Carthage National Bank_ (86 Hun, 396). There the affidavit was made by an agent and the statement was "That there were no counterclaims, discounts or offsets existing in favor of the defendant to the knowledge or belief of the deponent." The court said : "These allegations were, we think, a sufficient compliance with the statute, and although they did not conform to its precise wording, yet they were within the spirit of its provisions, and sufficient to give the judge jurisdiction to grant the attachment." A number of cases are cited supporting the doctrine. Upon appeal this case was affirmed upon the opinion below (155 N. Y. 690).

It is the further contention of the defendant that the plaintiffs have failed to show that it is a foreign corporation. The affidavit avers in terms that such is the fact, and that it was organized and existed under the laws of the State of New Jersey. It then proceeds to state that deponent obtained information of such fact from the Partnership and Corporation Directory, issued by a book binding company, and from the Directory of Foreign Corporations, issued by J. B. Lyon & Co., of Albany, and that deponent telegraphed to the Secretary of State of New Jersey asking for information upon such subject, and received a reply thereto, stating that the defendant was a corporation organized and existing under the laws of the State of New Jersey. This evidence, taken in connection with the fact that the lease was executed in the name of the defendant, that it was doing business in the State of New York under such name, and appeared in publications which purported to give to the general public its status, makes out a sufficient case in support of the positive statement that it was such corporation. The complaint also avers that it is a foreign corporation and by virtue

of the provisions of section 1776 of the Code of Civil Procedure, it is required that the defendant make an affirmative verified allegation that it is not a corporation· in order to put such fact in issue. It is evident, therefore, that the affidavit is sufficient in this respect.

It is further contended that it is not alleged in the complaint that the plaintiff de Tuite is an executrix. This objection cannot avail. She sues personally and as executrix, and if she has failed to establish the latter fact, nevertheless, she and her co-plaintiffs also sue in their individual capacity, and are, therefore, entitled to maintain the action. In addition to this it appears by positive averment that the plaintiffs and the defendant entered into the written contract of lease, and under such circumstances the defendant is estopped from denying the title of the plaintiffs to the premises, or the right to enforce the lease in the same capacity in which they executed the same.

We conclude that the proof was sufficient to justify the issuance of the warrant of attachment. The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented on the ground that the affidavit as to counterclaims in no way complies with the requirements of the Code.

Order affirmed, with ten dollars costs and disbursements.