STEELE et al. v. R. M. GILMOUR MFG. CO.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. ATTACHMENT—AFFIDAVIT BY AGENT—SUFFICIENCY.

Code Civ. Proc. § 636, provides that the affidavit in support of an attachment must show that the plaintiff is entitled to recover the sum stated therein over and above all known counterclaims. The affidavit supporting an attachment was made by plaintiff's agent, who had charge of the transactions from which the cause of action arose, and stated that plaintiff was entitled to recover the amount stated over and above all counterclaims known to affiant. *Held* that, as the agent's knowledge was in law that of his principal, the plaintiff, the affidavit was a sufficient compliance with the requirements of the Code.

2. SAME—FOREIGN CORPORATION—AFFIANT'S KNOWLEDGE.

An affidavit in support of an attachment against a foreign corporation stated that affiant obtained information that defendant was a foreign corporation from two publications purporting to furnish the general public information concerning the status of corporations listed, and from the statement of the secretary of state of the state where defendant was organized. The complaint averred that defendant was a foreign corporation, and this was not denied. Code Civ. Proc. § 1776, provides that to put such fact in issue defendant must make an affirmative verified allegation that it is not a corporation. *Held*, that the showing that defendant was a foreign corporation was sufficient.

3. PARTIES—FAILURE TO ALLEGE REPRESENTATIVE CAPACITY.

Where plaintiff sues individually and as executrix, the failure of the complaint to allege that she is executrix is not fatal, as she is still entitled to sue individually.

4. LEASE—ESTOPPEL.

Where plaintiffs, as executrices, entered into a written contract of lease with defendants, the latter were thereafter estopped from denying the title of plaintiffs to the premises or their right to enforce the lease in the same capacity in which they executed it.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Rosalie M. Steele and others against the R. M. Gilmour Manufacturing Company. From an order denying a motion to vacate a writ of attachment, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

P. Q. Eckerson, for appellant.
G. W. Wickersham, for respondents.

HATCH, J.   This action was brought to recover a balance claimed to be due for the rent of certain premises.   The attachment procured therein was based upon the affidavit of the agent of the plaintiffs, and upon the complaint in the action verified by such agent. The affidavit sets forth that deponent is the agent of the plaintiffs, and has had entire charge for 10 years last past of the collection of all rents of property owned by the plaintiffs in the state of New York, and that he is entirely familiar with their financial circumstances; that a cause of action exists in favor of the plaintiffs against the defendant to recover a sum of money, to wit, $858.36 as damages for a breach of contract other than a contract of marriage; that the plaintiffs herein let and rented to the defendant, on the 13th day of February, 1894, the premises known as 84 John street, in the city of New York; that the defendant went into possession under the lease and continued therein until May 1, 1902; that after the expiration of the same the defendant continued in possession of said premises, and thereby elected to continue his tenancy thereof for another year from May 1, 1902, upon the terms and conditions provided by the last renewal of the lease; that by its terms the annual rental is the sum of $2,300 per year, payable in equal monthly installments in advance, that the defendant has not paid the rent for the months of March to October, inclusive, amounting in the aggregate to $1,533.36, except the sum of $675, received from various insurance companies for a period during which said premises were uninhabitable, leaving the sum of $858.36 due and owing from the defendant to the plaintiffs on the 1st day of October, 1902; that the said sum has been demanded of the defendant, and payment thereof refused.

The knowledge of the agent is stated in the following language:

"Deponent's knowledge as to the matters aforesaid is derived from having entered into the agreement with the said defendant for the lease of said premises, and from having made the various renewals thereof, and from conversations had with R. M. Gilmour, the president of the defendant, and from his personal knowledge of the amount of rent received from time to time under said lease and the renewals thereof; and the plaintiffs are justly entitled to recover therefor from the said defendant the sum of eight hundred and fifty eight and 36/100 dollars ($858.36), with interest from the first day of October, 1902; and deponent further says there are no counterclaims, discounts, or set-offs existing in favor of the defendant, except as above stated, to his knowledge."

The complaint in the action avers that the defendant is a foreign corporation, organized under the laws of the state of New Jersey; sets up the making of the lease to the defendant and the renewals thereof; the entry by the defendant into the occupation of the same; the amount of rents that have accrued thereon, and the sum remaining due and unpaid, for which judgment is demanded.   The verification of the agent states that the contents of the complaint are true to his knowledge, except as to matters alleged upon information and belief; that the reason why the verification is not made by plaintiffs, or any of them, is that none of them resides in the county of New York, where deponent resides; and that all of the material allegations of the complaint are within the personal knowledge of the de-

ponent, he having had charge of all the business affairs of the plaintiffs for a period covering the last 10 years, and made the lease and renewals referred to in the complaint, and has collected the rents during the entire period thereof. The defendant moved to vacate the attachment upon the papers on which it was granted, the claim being that the averments contained in the affidavit and complaint were insufficient to support the same. The motion to vacate was denied, and from the order entered thereon the defendant appeals.

The first contention of the defendant is that the affidavit is insufficient, in that it fails to state that the plaintiff is entitled to recover a certain sum "over and above all counterclaims known to the plaintiff." The language of section 636 of the Code of Civil Procedure in this regard states that the affidavit must show that the plaintiff is entitled to recover the sum stated therein "over and above all counterclaims known to him."

The criticism by the defendant upon the proof in the present case is that, while the Code requires that the statement shall be to the effect that it is over and above all counterclaims known to the plaintiff, the statement of the affidavit is that it is over and above all counterclaims known to him, and therefore that the plaintiff's knowledge upon the subject is neither given nor made to appear. This criticism is unavailing. The knowledge of the agent with respect to the subject-matter of the action is the knowledge of the plaintiff, and, as it appears that the whole transaction was within the agent's personal knowledge, the statement made by the agent becomes the statement of the plaintiff, and is to be taken the same as though the plaintiff had made the affidavit. The sufficiency of such averment was decisively settled in Washburn v. Bank, 86 Hun, 396, 33 N. Y. Supp. 505, there the affidavit was made by an agent, and the statement was "that there were no counterclaims, discounts, or offsets existing in favor of the defendant to the knowledge or belief of the deponent." The court said:

"These allegations were, we think, a sufficient compliance with the statute, and, although they did not conform to its precise wording, yet they were within the spirit of its provisions, and sufficient to give the judge jurisdiction to grant the attachment."

A number of cases are cited supporting the doctrine. Upon appeal this case was affirmed upon the opinion below, 155 N. Y. 690, 50 N. E. 1123.

It is the further contention of the defendant that the plaintiffs have failed to show that it is a foreign corporation. The affidavit avers in terms that such is the fact, and that it was organized and existed under the laws of the state of New Jersey. It then proceeds to state that deponent obtained information of such fact from the Partnership and Corporation Directory, issued by a book-binding company, and from the Directory of Foreign Corporations, issued by J. B. Lyon & Co. of Albany, and that deponent telegraphed to the secretary of state of New Jersey asking for information upon such subject, and received a reply thereto, stating that the defendant was a corporation organized and existing under the laws of the state of New Jersey. This evidence, taken in connection with

the fact that the lease was executed in the name of the defendant,. that it was doing business in the state of New York under such name, and appeared in publications which purported to give to the general public its status, makes out a sufficient case in support of the positive statement that it was such corporation. The complaint also avers that it is a foreign corporation. By virtue of the provi-- sions of section 1776 of the Code of Civil Procedure, it is required that the defendant make an affirmative verified allegation that it is not a corporation in order to put such fact in issue. It is evident, therefore, that the affidavit is sufficient in this respect.

It is further contended that it is not alleged in the complaint that the plaintiff De Tuite is an executrix. This objection cannot avail. She sues personally and as executrix, and, if she has failed to es- tablish the latter fact, nevertheless she and her coplaintiffs also sue in their individual capacity, and are therefore entitled to maintain. the action. In addition to this, it appears by positive averment that the plaintiffs and the defendant entered into the written contract of lease; and under such circumstances the defendant is estopped from denying the title of the plaintiffs to the premises, or the right to enforce the lease in the same capacity in which they executed the same.

We conclude that the proof was sufficient to justify the issuance of the warrant of attachment. The order appealed from should there- fore be affirmed, with $10 costs and disbursements.

O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents on the ground that the affidavit as to counterclaims in no way complies with the requirements of the Code.