(47 Misc. Rep. 289.)

BECKERMANN et al. v. CHAMBERS.

(Supreme Court, Special Term, New York County. May, 1905.)

Attachment—Affidavit—Sufficiency.

    An attachment based on defendant's alleged nonresidence and supported by an affidavit of plaintiff on information and belief that defendant resides in another state and two affidavits containing positive allegations as to such nonresidence, made by an attorney of such state, who is a stranger to the suit and who had never seen the defendant, will be vacated; there being no statement that such attorney had knowledge as to the facts of nonresidence inconsistent with the residence of the defendant in the state in which the action was brought.

Action by Diederich Beckermann and others against Fannie Chambers. Motion to vacate warrant of attachment. Granted.

Rabe & Kellar, for plaintiffs.

Walter J. Rosenstein, for defendant.

LEVENTRITT, J. Motion to vacate warrant of attachment. The ground on which the attachment was granted was the nonresidence of the defendant. Several affidavits are submitted, one made by one of the plaintiffs, who deposes, not upon knowledge, but on information and belief, that the defendant resides at San Francisco, in the state of California. The source of his knowledge is given as the affidavits of one Herbert Choynski. The test of the sufficiency of the allegation of nonresidence is then to be sought in these affidavits. The first affidavit reads as follows:

"Herbert Choynski, being duly sworn, deposes and says: That he is, and for more than ten years last past has been, an attorney of the Supreme Court of the state of California and engaged in the practice of his profession at the said city and county; that he has personally examined the records of the license collector of the said city and county, and that there has been issued out of the said license office, and is now in full force and effect, a license in the name of Fannie Chambers, whereby and whereunder the said Fannie Chambers is licensed to engage in the business of 'selling liquor at retail' at the corner of Fell and Stanyan streets, in the said city and county of San Francisco; that the said Fannie Chambers is the wife of John Chambers, and that at the time of the issuance of said license and ever since the said Fannie Chambers was and is a resident of the said city and county and state, and is engaged in the retail liquor business at the said corner of Fell and Stanyan streets, in said city and county."

The second affidavit reads:

"Herbert Choynski, being duly sworn, deposes and says: That he is, and for more than ten years last past has been, an attorney and counselor of the Supreme Court of the said state of California and engaged in the practice of his profession at said city and county of San Francisco; that John Chambers, husband of Fannie Chambers, both formerly of the city of New York, state of New York, are, and for more than four months last past have been, residents of the said city and county of San Francisco, state of California, and that the said Fannie Chambers is engaged in the retail liquor business at the corner of Fell and Stanyan streets, in the said city and county of San Francisco, and that her husband, John Chambers, is employed by her and actually engaged in the said business as manager thereof."

Neither of the affidavits shows any acquaintanceship of the affiant with the defendant, or that he has ever seen her. The affidavits might

as well have been made by any resident of San Francisco. The positive allegation of nonresidence is made by one who is not an actor or participant in the original transaction between the parties, nor even the agent or representative of the plaintiffs. There is nothing to show any relation or any dealings with the defendant at any time; nothing to show to the court that he could have had knowledge of the fact as to which he positively swears. The fact that a license was taken in the name of one Fannie Chambers in San Francisco does not prove her a resident, while the fact alleged in connection therewith that the business is being conducted by John Chambers weakens even any inference that might be drawn from her having taken out the license. That simple fact, standing alone, proves nothing. In connection with other facts it might establish residence, but none such are alleged. The second affidavit adds nothing to the first. In view of its ungrammatical form it does not even state that Fannie Chambers is a resident of San Francisco, while the allegation of being engaged in business is not inconsistent with residence elsewhere. Considering both affidavits together, there is not a statement of fact in support of the bald allegation of residence in San Francisco—affidavits made by one who does not know and has never seen the alleged residents—which is not equally consistent with residence in this city. "To obtain a warrant of attachment whereby a defendant's property is forcibly taken from him without an opportunity being afforded to him of being heard, there should be presented to the justice granting the attachment competent common-law evidence of the facts upon which the right to the attachment is based. The question is whether this evidence of the affiant in the affidavits * * * would, if introduced upon the trial, justify a verdict for the plaintiff; or, in other words, upon the facts sworn to by affidavit being testified to by a competent witness before a jury, would the jury be justified in rendering a verdict for the plaintiff?" Anthony & Co. v. Fox, 53 App. Div. 200, 203, 65 N. Y. Supp. 806. Applied to the case at bar, if the issue before the jury were the nonresidence of the defendant, and only such facts in support of the nonresidence were testified to by Choynski as are set out in his affidavits, no justice would be warranted in letting the case go from his hands. The language in the case of James v. Signell, 60 App. Div. 75, 76, 69 N. Y. Supp. 680, is singularly apt:

"The allegation as to nonresidence of the defendant is equally unsatisfactory. While the averment in this respect is upon personal knowledge, not a single fact or circumstance is stated from which the court can see or even infer that the plaintiff has any knowledge whatever with reference to the defendant's residence. Indeed, it does not appear that she ever saw the defendant or had any dealings with him whatsoever."

To the same effect are Hoormann v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710; Tucker v. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460. And see Hayden v. Mullins, 76 App. Div. 69, 71, 78 N. Y. Supp. 553.

This case does not fall within the principle of those authorities which hold that statements in affidavit will be presumed to have been made upon knowledge unless stated to have been made on information and belief. In those cases it will be found that the affiant was either an

actor or principal in the transaction, or acted in some representative capacity, which justified the inference of knowledge. Here the affidavits show on their face that the affiant was a stranger to the transaction, even as it seems that he was and is a stranger to the defendant. Motion to vacate granted, with $10 costs.

Motion granted, with $10 costs.