(53 Misc. Rep. 368.)

SIMONS v. LEHIGH MILLS CO., Limited.

(Supreme Court, Special Term, New York County. March, 1907.)

ATTACHMENT—FOREIGN CORPORATION—AFFIDAVIT.

Under Code Civ. Proc. § 1776, providing that plaintiff need not prove the existence of the corporation defendant, unless the answer is verified or denies such incorporation, an unqualified allegation in an affidavit to procure an attachment that defendant is a foreign corporation is a sufficient foundation for the attachment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, §§ 307, 308.]

Action by Leopold S. Simons against the Lehigh Mills Company, Limited. Motion to vacate attachment denied.

Roosevelt & Kobbe, for plaintiff.

C. L. Barber, for defendant.

GREENBAUM, J. The affidavit accompanying the notice of motion to vacate the attachment merely contains the averments necessary to apprise the court of the proceedings taken by plaintiff with respect to the issuance of the attachment, and refers to no fact which may

tend to controvert or overcome the effect of any allegation in plaintiff's original papers. Under these circumstances the additional affidavits tendered by plaintiff in support of the attachment may not and will not be considered. The attachment is assailed upon the grounds that there was inadequate proof of defendant's nonresidence, or of any cause of action in favor of plaintiff against defendant. The latter ground is not now urged upon the brief of the learned counsel for the defendant, for the reason, evidently, that it unmistakably appears that the attachment was granted upon the affidavit and complaint, and the latter paper sufficiently sets forth a cause of action.

It is, however, insisted that there was no proof that defendant was a foreign corporation. The plaintiff, the principal in the transaction with the defendant, made the affidavit and verified the complaint upon which the attachment issued. The allegations of defendant's nonresidence are positive and unqualified. Authorities are cited pro and con bearing upon the vexed question of the sufficiency of allegations of nonresidence in attachment proceedings. The test as to what constitutes proof to uphold a warrant of attachment is whether the evidence presented in the papers would justify a verdict upon the trial. Anthony & Co. v. Fox, 53 App. Div. 200, 203, 65 N. Y. Supp. 806. Section 1776 of the Code of Civil Procedure provides that the plaintiff "need not prove, upon the trial, the existence of the corporation, unless the answer is verified, and contains an affirmative allegation that the * * * defendant * * * is not a corporation." Upon the trial, therefore, of this action, the positive allegation that defendant is a foreign corporation would in itself be sufficient as evidence of that fact, and plaintiff would not be obliged to tender proof upon the allegation, even though the answer contained a general denial thereof. This point was considered in Steele v. R. M. Gilmour Mfg. Co., 77 App. Div. 199, 200, 201, 78 N. Y. Supp. 1078. What would be sufficient upon the trial, in the absence of affirmative proof, should certainly be ample on the application for a warrant of attachment. Anthony v. Fox, 53 App. Div. 203, 65 N. Y. Supp. 806. And in practice no injustice would come to a defendant if, under the circumstances here appearing, the defendant be put to his proof to deny the allegation that it is a foreign corporation. The motion to vacate will be denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide event.