FINCHLEY, INC., Appellant, *v.* COOPER & CO., LTD.,
Respondent.

First Department, November 4, 1921.

**Attachment — when warrant granted in action against foreign
corporation — complaint and affidavits upon which warrant was
granted show existence of cause of action where complaint setting
forth facts is verified by president of plaintiff of his own knowledge
and supporting affidavits reiterate allegations in complaint and
that amount claimed is due above all counterclaims — sufficient
evidence has been alleged to uphold the attachment.**

The existence of a cause of action in favor of the plaintiff and against the
defendant, a foreign corporation, is sufficiently shown for the purpose of
securing a warrant of attachment where the complaint, which is verified
by the president of the plaintiff corporation of his own knowledge, except
as to matters therein stated to be alleged on information and belief,
alleges a cause of action in plaintiff's favor, and the supporting affidavits
substantially reiterate the facts alleged in the complaint and aver that
the amount claimed is due " over and above all counterclaims known to
the plaintiff," and there are annexed thereto certain documents tending
to support the complaint. The failure to allege evidentiary facts did
not constitute a fatal defect.

APPEAL by the plaintiff, Finchley, Inc., from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on
the 29th day of June, 1921, granting defendant's motion to
vacate a warrant of attachment against its property.

*Alfred G. Steiner* of counsel [*Melville H. Cane* with him on
the brief; *Ernst, Fox & Cane,* attorneys], for the appellant.

*Charles A. Houston* of counsel [*Otterbourg, Steindler &
Houston,* attorneys], for the respondent.

GREENBAUM, J.:

The motion to vacate was made upon the ground that the
papers upon which the attachment was issued were insufficient
in law; that they did not contain proof of the cause of action,
nor proof of the allegation that the defendant is a foreign

corporation, and upon the further ground that neither the complaint nor the affidavits were verified according to law. Upon the return day of the motion, supplementary affidavits were filed pursuant to the provisons of section 768 of the Code of Civil Procedure, the defendant not objecting. The additional affidavits supplied the technical error in the verification and amplified the facts establishing that the defendant was a foreign corporation.

The learned justice at Special Term in his memorandum said: " The proof of the cause of action is insufficient. The affiant must show facts from which the inference may be drawn that he has knowledge of the facts he swears to. It is not like supplying proof of damage, which may be allowed by supplemental affidavits under section 768 of the Code of Civil Procedure. The defect is jurisdictional."

We held in *Dexter & Carpenter, Inc.,* v. *Lake & Export C. Corp.* (196 App. Div. 766, 771): "Although neither the complaint nor the affidavit sets forth the contract or the facts in detail with respect to the making thereof, they both sufficiently charge, by way of conclusions of fact, the making and breach of the contract and the plaintiff's damages, to confer jurisdiction upon the justice to issue the warrant of attachment."

The learned counsel for the respondent does not urge upon this appeal that the original papers upon which the attachment was granted did not confer jurisdiction upon the court issuing the warrant. It is argued, however, that the allegations appearing in all the papers are insufficient to show that a cause of action exists against the defendant by reason of the absence of evidentiary facts. In this connection, it is to be observed that there is a marked distinction between an affidavit on personal knowledge made by an individual plaintiff or by an officer of a plaintiff corporation and one made by a third person who would not necessarily be deemed familiar with the facts of his own knowledge. In the latter case, the affiant must state the sources of his information from which the court may gather whether the matters asserted by him are justified. (*Anthony & Co.* v. *Fox,* 53 App. Div. 200; *Barstow Stove Co.* v. *Darling,* 81 Hun, 564; *National Shoe & Leather Bank* v. *Brown,* 33 App. Div. 629.)

In the instant case the complaint is verified by the president

of the plaintiff corporation of his own knowledge except as to the matters therein stated to be alleged on information and belief. The matters which he stated of his own knowledge read as follows: " *Third:* That between the 15th day of December, 1919, and the 15th day of January, 1920, the defendant received from the plaintiff an overpayment for goods to be delivered to the plaintiff, which overpayment amounted to 4,165.91 yen. *Fourth:* That between the 15th day of December, 1919, and the 15th day of January, 1920, the plaintiff, not knowing the exact value of the merchandise sold to the plaintiff by the defendant, paid to the defendant the sum of 4,165.91 yen in Japanese money for merchandise to be manufactured which sum the defendant duly acknowledged was 4,165.91 yen in Japanese money in excess of the amount due and owing to the defendant, which said amount defendant retained and placed to the credit of the plaintiff's account." Then follows an allegation of demand and refusal to pay. The supporting affidavits of the president of the plaintiff corporation set forth facts tending to show that the defendant is a foreign corporation and substantially reiterate the allegations above quoted in the complaint, and in addition thereto aver that the amount claimed is due " over and above all counterclaims known to the plaintiff." (See Code Civ. Proc. §§ 635, 636.) Annexed to the affidavit of the president of the plaintiff corporation are certain letters and documents, among others, Exhibit 1, which refers to an inclosed invoice sent by the plaintiff to the defendant, in which it appears that credit is given to the plaintiff for 4,165.91 yen, obviously referring to the overpayment alleged by the plaintiff.

We are of the opinion that the facts set forth in the complaint and affidavits upon which the warrant was granted sufficiently allege a cause of action in favor of the plaintiff. (*Anthony & Co.* v. *Fox, supra; California Packing Corp.* v. *Kelly S. & D. Co.*, 228 N. Y. 49.) In the last-mentioned case the court in its opinion significantly said: " Meticulous particularity in pleading the facts which must be shown by way of evidence to establish a cause of action is neither necessary nor proper. It bewilders the real issue and furnishes no safeguard against imposition or oppression."

The order appealed from should be reversed, with ten dollars

costs and disbursements, the motion to vacate the attachment denied, with ten dollars costs, and the warrant of attachment reinstated.

Clarke, P. J., Dowling, Smith and Page, JJ., concur.

Order reversed, with ten dollars costs and disbursements, motion denied, with ten dollars costs, and warrant of attachment reinstated.