ALFRED B. WADE and Others, Respondents, *v.* GATES RUBBER COMPANY, Appellant.

First Department, April 6, 1923.

Attachment — motion to vacate — action for breach of contract of sale of goods — copy of contract annexed to complaint showed that contract was made by plaintiffs for third person — supplemental affidavits and amended complaint setting up cause of action in favor of third person and assignment thereof to plaintiffs improperly received under Code of Civil Procedure, § 768 (Civ. Prac. Act, § 105) — plaintiffs did not show how damages were estimated — attachment vacated.

On proceedings to vacate a warrant of attachment in an action against a foreign corporation for breach of contract of the sale of goods, in which the contract annexed to the complaint showed that it was made by the plaintiffs for a third person, it was error to receive under section 768 of the Code of Civil Procedure (Civ. Prac. Act, § 105) supplemental affidavits and an amended complaint on behalf of the plaintiffs, which were offered to correct an alleged error and to supply an alleged omission in proof, where the affidavits and amended complaint set up a cause of action in favor of said third person and an assignment thereof to the plaintiffs, for the affidavits and amended complaint did not merely supply a defect or insufficiency in the moving papers but set up an entirely different cause of action. Since no cause of action was shown in the original complaint, the attachment should be vacated.

Furthermore, nothing was presented to the court to indicate how the plaintiffs arrived at their estimate of the damage which they claimed to have sustained.

APPEAL by the defendant, Gates Rubber Company, from an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 16th day of November, 1922, granting plaintiffs' motion for a reargument of defendant's motion to vacate an attachment and, upon such reargument, vacating an order vacating said attachment which defendant had obtained on the 26th day of July, 1922, and denying defendant's motion to vacate the attachment.

*Steuart & Perry* [*Frank S. Moore* of counsel], for the appellant.

*Sobel & Brand* [*Isidor H. Brand* of counsel; *Herman Hoffman* with him on the brief], for the respondents.

DOWLING, J.:

On April 20, 1922, a warrant of attachment against the property of defendant was granted upon the ground that it was a foreign corporation. The warrant was issued upon the affidavits of William D. Judson, one of the plaintiffs, and of Isidor H. Brand, one of the attorneys for the plaintiffs, and upon the summons and complaint herein. The affidavit of Judson alleged that the action was brought to recover $54,431.33 upon four agreements entered into between plaintiffs and defendant, whereby plaintiffs agreed to sell to defendant, and defendant agreed to purchase from plaintiffs, carded tire duck at agreed prices, as per written agreements, copies of which were annexed to the complaint. The affidavit of Brand likewise alleged that the action was based upon contracts between plaintiffs and defendant. The complaint set forth four causes of action, each based on a written contract between plaintiffs and defendant. The copies of the contracts attached to the complaint show that the sales to defendant were for account of Boott Mills.

Respondents state that defendant thereafter appeared by its attorneys by filing and serving a general notice of appearance, and also filed a bond in the sum of $50,000 to release the attached property; that issue was thereafter joined; and that defendant's answer, among other things, objected to the sufficiency of the complaint, and set forth that there was a defect in parties plaintiff in that Boott Mills was the proper party to bring the action, and not plaintiffs. The answer is not, however, a part of the record before us.

After issue was joined, defendant moved on the original papers to vacate the attachment. Plaintiffs, advised by the answer of their error in alleging that the agreements were made between them and the defendant instead of between Boott Mills and the defendant, and of the omission to set forth that all of the interest of the said mill in the causes of action had been assigned to the plaintiffs prior to the commencement of the suit, attempted to

serve an amended complaint embracing the matters referred to, which amended complaint the defendant's attorneys refused to accept, on the ground that the time within which to serve same had expired.

Thereupon plaintiffs moved for an order directing the acceptance of their pleading, or, in the alternative, that leave be granted to serve it. Simultaneously with the hearing of this application for leave to serve the amended complaint, a motion to vacate the attachment upon the original papers made by the defendant was heard. On the argument of the motion to vacate the attachment, supplemental affidavits were submitted and leave requested to file the same, which supplemental affidavits and amended complaint attempted to correct an alleged error and to supply an alleged omission in proof, but which, in fact, set up an entirely new and distinct cause of action from that originally set up, and upon which the warrant of attachment was granted. The amended complaint, instead of alleging agreements between plaintiffs and defendant (as the original complaint and moving affidavits set forth) set up agreements between Boott Mills and defendant, thereafter assigned to plaintiffs. To the receipt of these supplemental papers defendant objected on the grounds that the court had no authority to admit them. Because of the insufficiency of the moving papers for leave to serve an amended complaint, the motion was denied, with leave, however, to renew. Simultaneously therewith, motion for the vacating of the attachment was granted and motion for leave to file supplemental affidavits denied. Plaintiffs immediately renewed their application for leave to serve an amended complaint, which motion was granted; and they thereafter served their amended complaint.

Plaintiffs thereafter moved for a reargument of the motion to vacate the warrant of attachment and for leave to file the supplemental affidavits, which motion was granted; and upon reargument the warrant of attachment was reinstated.

The learned justice at Special Term originally vacated the warrant of attachment upon the ground that " The so-called defect in the present case goes to the very gist of the action. Plaintiffs on the face of the papers had no cause of action, and I do not think the court has power to permit the affidavit on which the attachment was granted to be supplemented by showing an assignment of the cause of action to the plaintiffs." In this I think he was quite correct.

The respondents claim that the supplemental affidavits and amended complaint were properly received under section 768 of the Code of Civil Procedure.* But this is no mere question of

---

* See Civ. Prac. Act, § 105.— [REP.

supplying a defect or insufficiency in the moving papers. It is the substitution of an entirely different cause of action. The warrant of attachment was issued upon a complaint and affidavits which set forth causes of action based upon agreements in writing between plaintiffs and defendant. The supplemental affidavits and amended complaint set forth causes of action based upon agreements in writing between Boott Mills and defendant, thereafter assigned by Boott Mills to plaintiffs. The section does not provide for such a complete change of front upon the part of plaintiffs, who obtained the warrant of attachment upon causes of action which confessedly have no existence in fact, as no agreements were made between plaintiffs and defendant. The supplemental affidavits and amended complaint were, therefore, improperly received in support of the original warrant of attachment, which must fail, because it was based upon an original complaint setting forth no cause of action for plaintiffs. Nor are they helped any more by the provisions of sections 822 or 105 of the Civil Practice Act.

Furthermore, there is nothing presented to the court which indicates how the plaintiffs arrive at their estimate of the damage which they claim to have sustained.

The order appealed from should be reversed, with ten dollars costs and disbursements, the motion for reargument denied, with ten dollars costs, and the original order to vacate the warrant of attachment and denying leave to file supplemental affidavits, made July 26, 1922, reinstated.

Clarke, P. J., Smith, Finch and McAvoy, JJ., concur.

Order reversed, with ten dollars costs and disbursements, motion for reargument denied, with ten dollars costs, and order of July 26, 1922, reinstated.