HECTOR GRASSI and Others, Copartners, Doing Business under the Firm Name and Trade Name of L. GANDOLFI & COMPANY, Appellants, *v.* LA SOCIEDAD BANCARIA DEL CHIMBORAZO, Respondent.

First Department, July 6, 1925.

Attachment — vacating warrant — action on guaranty in contract of agency — defendant was exclusive selling and importing agent of plaintiffs in Ecuador — complaint is based on sales made directly to and purchases directly from third person in Ecuador — contracts of sale and purchase not procured directly or indirectly by defendant not within guaranty — complaint does not state cause of action — motion made on papers upon which warrant granted — plaintiffs not entitled to have affidavits considered — affidavits do not aid complaint — allegation that defendant is foreign corporation is sufficient — warrant vacated.

A warrant of attachment issued in an action against a foreign corporation will be vacated on the ground that the complaint does not state a cause of action, where the complaint alleges that the defendant became the agent of the plaintiffs to have exclusive representation of their export and import department for the

Republic of Ecuador under a contract which provides that the agent will call on export houses of its country to get offers and will cable said offers directly to the plaintiffs or have the exporters do so, and that the agent holds itself responsible for the faithful fulfillment of any contract entered into by the principals with the exporters " directly or indirectly;" and that the plaintiffs entered into contracts of sale and of purchase with a third person without the intervention of the defendant.

The obligation of the defendant under the contract of guaranty related only to contracts of purchase or sale entered into by the plaintiffs directly or indirectly through the intervention of the defendant and not to contracts of sale or purchase entered into by the plaintiffs without the intervention of the defendant.

Since the motion to vacate the attachment was made by the defendant upon the papers upon which the warrant was granted on the ground that said papers did not justify the issuance of the attachment, and since it appears that facts sufficient to constitute a cause of action were not stated, a defect that was not a mere irregularity, the plaintiffs were limited to the papers upon which the warrant was granted and did not have the right on the motion to have additional affidavits considered by the court.

Furthermore, if the affidavits by the plaintiffs could be considered on the motion, they do not set forth facts sufficient to show that plaintiffs had a cause of action.

The allegation in the complaint that the defendant is a foreign corporation is sufficient.

APPEAL by the plaintiffs, Hector Grassi and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of April, 1925, vacating a warrant of attachment.

*J. Clifford McChristie* [*Alfred R. Page* of counsel], for the appellants.

*Hardin & Hess* [*Jerome S. Hess* of counsel; *Phanor J. Eder* and *William O. Robertson* with him on the brief], for the respondent.

FINCH, J.:

The notice to vacate the warrant of attachment was based on the grounds that the papers upon which the warrant was granted were insufficient, in that the complaint submitted in support of the application for the warrant failed to state a cause of action; that there was a failure to show that the defendant was a foreign corporation, and failure to show facts sufficient to warrant the court in holding that the plaintiffs have been damaged in the sum claimed. Although no affidavits were filed in support of the motion to vacate the attachment the plaintiff, nevertheless, sought to file additional affidavits. The justice at Special Term held that the supplemental affidavits could not be considered, as the defect was jurisdictional and that since plaintiffs in the original application had failed to allege facts sufficient to show that the defendant was a foreign corporation, the motion to vacate must prevail, the learned court further stating that it was, therefore, unnecessary to pass upon the

matter in the supplemental affidavits, and intimating that the complaint failed to state a cause of action.

The complaint is founded upon a written contract annexed thereto. This contract is primarily one of agency wherein the plaintiffs appoint the defendant their agent, to have exclusive representation of their export and import department for the Republic of Ecuador and recites that the agent is to begin immediately to attend to the business of the principal in everything pertaining to the export and import department and will open a main office and agencies in those places of the republic they believe convenient. In what is called " Chapter Second —' Exports,' " it is provided:

" 3. The agents will call on the different export houses of the country to get offers which will be cabled to the Principals as many times as it may be necessary or will have the exporters do it directly.   *   *   *

" All offers are understood to be for payment at 30 days sight against delivery of the shipping documents unless otherwise stated.

" 4. The agents hold themselves responsible for the faithful fulfillment of any contract entered into by the Principals with the exporters of Ecuador directly or indirectly and they oblige themselves to cable them whenever a shipment is made to them.   *   *   *

" 5. The Principals allow to the agents a commission of 1/8 of 1 per cent on the purchases of cocoa they may make directly or indirectly. In any other product the commission will be conventional."

The first cause of action arises under this so-called chapter 2. The substance of the first cause of action, as stated in the complaint, is that the plaintiffs, without the intervention of the defendant, entered into two contracts of purchase from one Fuentes, each for bags of cocoa beans. As to the purchase itself it is alleged:

" 8. That the plaintiffs duly and promptly notified the defendant of the said agreements of purchase, and requested the said defendant, pursuant to the terms of the said agreement, Exhibit A, to supervise the carrying out of the said contracts of purchase and sale on the part of the said Domingos Fuentes S., and the defendant so took charge thereof."

Plaintiffs then allege:

" 11. That by the terms of the said agreement marked Exhibit A, this defendant held itself responsible for the fulfillment of any contract entered into by these plaintiffs with the said Domingos Fuentes S., who was at that time an exporter of Ecuador, whether such contract was entered into directly or indirectly, and the plaintiffs have duly performed all of the terms, covenants and condi-

tions on their part to be performed under the said agreement with this defendant marked Exhibit A, a copy of which is hereto attached."

The defendant contends that paragraph 4 above relates to the usual guaranty of payment of the bill for which credit has been extended and that in said paragraph 4 provision is made whereby the defendant, who was known in Ecuador, while the plaintiffs were not, guaranteed to the exporters of Ecuador that the bills for which they had granted thirty days' credit to the plaintiffs, as provided in said paragraph 3, would be paid by the plaintiffs. If this is the construction of said paragraphs, obviously the plaintiffs have stated no cause of action, since the guaranty would not run in favor of the plaintiffs. The plaintiffs, however, contend that paragraph 4 relates to a guaranty by the defendant of the fulfillment by the exporters of their several contracts and that the guaranty is, therefore, of any damages which the principals may sustain by reason of breaches of contracts by the exporters, and that in the present case, as Fuentes did not fulfill his contracts, the defendant as guarantor is liable to the plaintiffs for the damages sustained by reason of the breaches of contracts to deliver.

The normal view of paragraph 4 would seem to favor the contention of the defendant, since the words " directly or indirectly " apparently have reference to the preceding paragraph, which relates to offers which the agents obtained themselves, and which, if obtained directly through communications from the exporters to the plaintiffs, had been primarily solicited by the defendant. In their complaint the plaintiffs do not set forth that the defendant called on Fuentes and either cabled his offer to the plaintiffs or had Fuentes cable directly. So far as the allegations of the complaint are concerned, the plaintiffs are seeking to hold the defendant on a guaranty for transactions with the inception of which the defendant had nothing to do. In other words, in the absence of any facts to show to the contrary, it would seem that the guaranty of the defendant did not attach to any contract, unless the defendant solicited it, since otherwise the alleged guaranty in said paragraph 4 would be more extensive than the express words of the guaranty, because under such construction the words " directly or indirectly " would have no meaning attributed to them whatsoever, and the defendant would hold itself responsible for the faithful fulfillment of any contract entered into by the plaintiffs with the exporters of Ecuador. That this is not the meaning of said paragraph 4 would appear from the inclusion of the words " directly or indirectly," thus limiting by those words the application of paragraph 4 to the transactions initiated by the defendant as provided in paragraph 3. In the affidavits upon which the attachment was

granted the plaintiffs set forth that after their transaction with Fuentes was *fait accompli*, the plaintiffs cabled the defendant, informing it of the purchase of the said bags of cocoa and that both cables were received by the defendant, but there is nothing alleged in this affidavit to show that the defendant in any way acknowledged any responsibility for the creation of said contract. Assuming, however, that there is sufficient ambiguity in the contract to admit of proof *dehors* the writing to sustain the construction contended for by the plaintiffs, there are still lacking sufficient allegations of facts upon which such construction could be sustained.

It thus appears that the plaintiffs have failed to show facts from which it can be seen that a cause of action existed in so far as the first cause of action is concerned.

As to the second cause of action, the plaintiffs rely on what is called, " Chapter Third,—' Imports.' " In this chapter it is provided:

" 6. For the sale of merchandise in Ecuador, the Principals will send to the agents samples and catalogues of the articles they may think convenient. The agents have the liberty of selling for payment up to 60 days' sight with interest for 30 days extra to take care of the time the merchandise takes in the trip and the time taken to clear the merchandise. All prices not C.I.F. will be subject to a commission of 5%.

" 7. The agents cannot submit an order without their solidary guaranty. In case the agents have to take charge of a draft, they will be entitled to an extension of 30 days beyond the time of the draft and this extension is subject to the respective interest.

" 8. The Principals allow to the agents a commission of 1% on all sales made in Ecuador directly or indirectly, except when the order specifies that it is subject to the charge of 5% commission in which case the agents will receive a commission of 2%. In all overprices obtained, they will receive 50% of such overprices."

The plaintiffs in the complaint for a second cause of action allege that they sold and delivered to the said Fuentes certain goods, wares and merchandise of a certain value, accompanied by a draft payable to the plaintiffs for the amount thereof; that Fuentes accepted this draft and that Fuentes failed to pay the draft when due, and

" 16. That before selling and shipping the said merchandise to the said Domingos Fuentes S., the plaintiffs communicated with this defendant and the defendant advised the plaintiffs to ship the same and to fill the orders which may be given by the said Domingos Fuentes S.

" 17. That the plaintiffs have duly performed all of the terms, covenants and conditions of the said agreement executed by this defendant, hereinbefore referred to as Exhibit A, which were to be performed by these plaintiffs, but this defendant has failed to pay for the merchandise so delivered to the said Domingos Fuentes S., nor to pay the draft aforesaid, which draft was dishonored for non-payment, and due notice thereof given to this defendant."

Here, too, the contract provides for a guaranty by the agent of the payment of the purchase price by the importers of Ecuador for sales which said agent makes. The plaintiffs, however, are seeking to recover on a guaranty for a sale it made itself upon its own account and without reference to the agent. The plaintiffs do not allege that the agent submitted the order, but, on the contrary, that they themselves made this sale directly to Fuentes without intervention by the defendant. The only connection which the defendant had with the matter is that alleged by the plaintiffs in their affidavit, namely, that before shipping the merchandise the plaintiffs cabled the defendant stating that Fuentes desired to make purchases and asking the defendant whether the plaintiffs should fill the orders, and that the defendant cabled back: " You can fill their orders." In connection with the general supervision which the defendant, as agent, had of the business of the plaintiffs in Ecuador, said defendant could well have given their advice as to whether the plaintiffs should fill the orders which had been taken on their own account, but this is very different from a guaranty by the defendant of the payment of the purchase price of said order, since the obligation of the defendant is clearly limited by said chapter 3 of the contract to orders which the defendant submitted. This is fortified by the language of paragraph 7, which, as noted, provides: " The agents cannot submit an order without their solidary guaranty," thus implying that it is the orders submitted by the defendant to which their guaranty applies. Concededly, the order for the goods specified in the second cause of action was not submitted by the defendant, and hence would not seem to come within the wording of the undertaking of the defendant. Here, also, if the contract be considered so ambiguous as to permit of evidence to show how the parties have construed the same in their dealings with one another, sufficient facts are not set forth, as distinguished from mere conclusions, to sustain an attachment upon this ground.

Since the defendant on this motion sought to rely upon the invalidity of the papers upon which the warrant of attachment was granted and since it, therefore, appears that sufficient facts were not shown to state a cause of action upon the part of the plaintiffs,

and since the defect was not a mere irregularity but was one which went to the heart of the provisional remedy, the learned court below was right in holding that the plaintiffs were limited to the papers upon which the warrant was granted and that such a defect could not be cured by additional affidavits. As was said by SMITH, J., in *California Packing Corp.* v. *Kelly Storage & D. Co.* (188 App. Div. 475): " Before discussing these provisions of the complaint, it is well to note, in the first place, that this is not a case where the defect can be cured by amendment. The motion is made upon the papers upon which the attachment was granted. An additional affidavit cannot be allowed to be furnished in support of the attachment. (*Hilborn* v. *Pennsylvania Cement Co., Nos. 1 & 2,* 145 App. Div. 442; *Ladenburg* v. *Commercial Bank,* 87 Hun, 269; affd., 146 N. Y. 406; *Lewisohn* v. *Kent & Stanley Co.,* 87 Hun, 257, 262; *Trow's Printing, etc., Co.* v. *Hart,* 85 N. Y. 500; *Steuben County Bank* v. *Alberger,* 75 id. 179.)"

In *Wade* v. *Gates Rubber Co.* (205 App. Div. 17) Mr. Justice DOWLING said: " The supplemental affidavits and amended complaint were, therefore, improperly received in support of the original warrant of attachment, which must fail, because it was based upon an original complaint setting forth no cause of action for plaintiffs. Nor are they helped any more by the provisions of sections 822 or 105 of the Civil Practice Act."

However, even though the additional affidavits are considered for the purpose of correcting the jurisdictional defect in the moving papers, yet they also fail to establish the essential facts necessary to support an attachment. The additional affidavit recites: " Mr. Campos told me that we need have no worry about Fuentes; that the Banco del Ecuador was in back of him; that L. E. Game's father was the manager of that bank, and that everything would be all right, and if Fuentes was slow in carrying out contracts, the bank would make him do it. I also spoke to Mr. L. E. Game many times about Fuentes, and he told me practically the same thing. It was distinctly understood and agreed that L. Gandolfi & Co., or I for them, could buy all of the cocoa that Fuentes would agree to sell, and that they would be absolutely responsible for the fulfillment of the contracts." Said affidavit further sets forth: " It was distinctly understood and agreed that L. Gandolfi & Co. could communicate and make purchases directly with those shippers, and that fulfillment of those contracts was guaranteed by the defendant bank, whether purchases were made through the defendant bank, or directly between Gandolfi & Co. and the exporters in Guayaquil, but that in either case, in consideration for the guaranty, the bank was to receive the commission which was

specified in the agreement." Any statements of fact above set forth do not support the conclusions of the affiant.

The learned justice at Special Term based the vacating of the warrant upon the ground that sufficient facts were not set forth to form a basis for the statement made upon personal knowledge by the affiant that the defendant was a foreign corporation. In such a case, however, this statement is sufficient, within the authorities. In *Stiner* v. *Tennessee Copper Co., No. 1* (176 App. Div. 209, 211-213), Mr. Justice LAUGHLIN said: " It is quite clear that the allegations of the complaint and the statements in the affidavits are sufficient to show that the defendant is a corporation, for by virtue of the provisions of section 1776 of the Code of Civil Procedure* the plaintiff, unless a verified answer should be interposed containing an affirmative allegation that the defendant is not a corporation, would not be required to prove that defendant is a corporation. That section of the Code of Civil Procedure was construed by this court in *Steele* v. *Gilmour Manufacturing Company* (77 App. Div. 199) as applicable to an allegation that the defendant was a foreign corporation; and on that ground we held, in effect, that a positive averment in the complaint or in an affidavit that the defendant was a foreign corporation was sufficient to sustain an attachment on the theory that the defendant was a foreign corporation. It has been held that one of the tests for the determination of the question as to whether the papers upon which a warrant of attachment is granted are sufficient is whether the evidence presented thereby would justify a verdict for the plaintiff (*Anthony & Co.* v. *Fox,* 53 App. Div. 200); and in a well-considered opinion in *Simons* v. *Lehigh Mills Co., Ltd.* (53 Misc. Rep. 368), it was held that the positive allegations of the complaint to the effect that the defendant was a foreign corporation would warrant a recovery on that theory unless there was an affirmative allegation to the contrary in the answer. * * *

" It is somewhat difficult to present hastily for the purposes of obtaining a warrant of attachment conclusive evidence that a corporation is a foreign corporation for that would ordinarily require a duly certified copy of its certificate of incorporation; and, therefore, particularly in view of the provisions of section 1776 of the Code of Civil Procedure, to which reference has been made, the rule with respect to the proof required that the defendant is a foreign corporation is not as stringent as that laid down by this court in *Cousins* v. *Schlichter* (135 App. Div. 779) with respect to an individual defendant being a non-resident. I am of opinion, therefore, that the moving papers sufficiently show that the defendant is

---

* Now Rules Civ. Prac. rule 93, subd. 2; Jus. Ct. Act, § 253.— [REP.

a foreign corporation to confer jurisdiction to issue the warrant of attachment."

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.