FLOYD DEL. BROWN, Plaintiff, *v.* THE CHAMINADE VELOURS, INC., and Others, Defendants.*

Supreme Court, Special Term, New York County, March 14, 1941.

*Coughlan & Russell,* for the plaintiff.

*Benjamin Heffner,* for the defendants.

* Affd., 261 App. Div. 1071.

EDER, J. This is a motion to vacate a warrant of attachment heretofore issued on the ground that all of the causes of action joined in the complaint herein do not authorize the issuance of the warrant of attachment. There are five causes of action pleaded; the first four causes of action are such as come within the provisions of section 902 of the Civil Practice Act, being predicated upon contract, express or implied, and to recover a sum of money only; the fifth cause of action is of an equitable nature, being a suit to set aside and to declare fraudulent and void as against the plaintiff a transfer of assets allegedly made to hinder, delay and defraud the plaintiff at a time when such transfer and removal rendered the moving defendant, The Chaminade Velours, Inc., judgment proof. Since the levy under the attachment was made the plaintiff has served an amended complaint, eliminating the fifth cause of action, and urges that this has cured the defect, if the objection made with respect to its inclusion in the original complaint had any legal potency. It is also urged that as the attachment could have issued upon the affidavit alone, unaccompanied by the complaint, that even if the complaint did not justify the issuance of the warrant, the affidavit did, and this being so, the accompanying complaint may be treated as surplusage and hence may be disregarded.

Not much law appears to cover the precise question involved, and the case of *Union Consolidated Mining Co.* v. *Raht* (9 Hun, 208; appeal dismissed, 68 N. Y. 629) appears to be the only one which has any proper application. I think it admits of no doubt that all of the causes of action upon which a warrant of attachment is issued must be to recover a sum of money only, or the right to attachment is lost. In the *Union* case (*supra*) the plaintiff joined a cause of action for conversion of personal property (one of the grounds for attachment) with a cause of action in tort for misconduct and conspiracy to injure the plaintiff. It was held that this was not permissible and such joinder of causes of action was declared to be fatal to the attachment, the court saying that " to such an action no attachment is given by the Code." This court is urged to give little weight to this citation because it is " rather ancient in date " and " has been cited rarely." This is indeed a facetious premise and merits slight consideration.

As to the effect of service of an amended complaint, I doubt that this cures the defect, for the power to issue an attachment is one dealing with jurisdiction and if the papers upon which the warrant issued were such as did not empower the court to grant it, the defect is not one of the type capable of being cured by amendment. (*Dexter & Carpenter, Inc.,* v. *Lake & Export Coal Corp.,*

196 App. Div. 766.) In the *Dexter* case the court said: " Where the moving papers are insufficient to confer jurisdiction on the court to issue the warrant of attachment, a jurisdictional defect may not be cured or supplied by granting leave to the plaintiff to file affidavits *nunc pro tunc* * * *." Here the defect is not a mere irregularity, but one which goes to the heart of the provisional remedy and such a defect cannot be cured by additional affidavits or amended complaint. (*Grassi* v. *La Sociedad, etc.,* 213 App. Div. 629, 635; *Gano-Moore Coal Mining Co.* v. *Deegans Coal Co.,* 214 id. 634, 637.) I do not think, however, that the objection raised, that the original complaint was defective for the reasons stated, would have proved fatal, if the affidavit itself were free from fault, for the statute does not indispensably require that a complaint stating a cause of action accompany the affidavit. This is conceded by the movant. And so I am of the opinion that if the affidavit was alone sufficient, the complaint could be disregarded. The plaintiff, however, by express allegation in the affidavit made the complaint a part of it, stating: " That annexed hereto and *made a part hereof* and marked Exhibit B is a true copy of the verified complaint in this action." Thus the plaintiff made the complaint and all of its allegations an integral part of his affidavit wherein it affirmatively appears that the action did not involve a suit " to recover a sum of money only." (Civ. Prac. Act, § 902.) The *Union* case (*supra*) seems to me to be controlling and the motion is, therefore, granted. Settle order.