Francis X. Conlon, J.
Heretofore the defendant in this action moved to vacate a warrant of attachment or in the alternative to modify and decrease the amount attached and to increase the security. This motion was denied by order of this court, and a notice of appeal has been served from such denial. Thereafter the defendant moved by order to show cause to reargue the motion. It contends that the first cause of action is not for the recovery of a sum of money only, that the court overlooked the fact and misapprehended the law with regard to the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78a et seq.) and the pertinent regulations thereunder.
A brief statement of the facts is necessary for a proper understanding of the determination herein. The plaintiff was issued 20,000 shares of stock of defendant, for work done and work to be done. This stock was issued February 26, 1958. Subsequently in June when the defendant was offering to sell its stock to the public, the plaintiff sent the stock to the transfer agent, to exchange it for new certificates. The transfer agent sent the new stock to the defendant who has refused to deliver it to plaintiff.
The defendant contends that the stock is not saleable because it is not registered or qualified for sale by the Securities and Exchange Commission. That therefore an action in conversion will not lie, as the plaintiff if successful will be doing indirectly that which is prohibited by the Securities Exchange Act, namely, a sale of unregistered stock.
*237 If this is not a cause of action for money, the defendant should prevail on this motion. However, what constitutes' an action for a sum of money only depends on the substantive law in each matter. In commenting on the amendment to section 902 of the Civil Practice Act, the Judicial Council stated at page 400 of its Seventh Annual Report, “ Equity actions are excluded by the 1 sum of money only ’ provision. But practically all actions at law, except replevin * * * are included within the expressly enumerated causes. The proposed amendment extends the scope of the section by allowing attachment in any action for the recovery of a sum of money only, and omits the present enumeration of causes of action.”
On this first cause of action, if the plaintiff is successful, it would, in effect, result in a sale of this stock as of the date of the alleged conversion for the owner of stock can abandon it from the moment of conversion and sue the person in possession for its value. (Pierpoint v. Hoyt, 260 N. Y. 26.)
Therefore, as the plaintiff was precluded from the sale of this stock by law and the regulations of the Securities and Exchange Commission, and indeed the defendant was obliged to exercise control over these unregistered and unqualified shares of stock (Crowell-Collier Pub. Co., Securities & Exch. Comm., Release Ños. 3825, 5562), the cause of action was not one for a sum of money only. Although the cause of action is labeled as one in conversion, it apparently is in replevin. However, in such case a warrant of attachment is not authorized (Seventh Annual Report of N. Y. Judicial Council, supra).
Consequently, as the plaintiff has joined a cause of action in which an attachment is authorized with one in which it is not, the right to the attachment is forfeited (Brown v. Chaminade Velours, 176 Misc. 238, affd. 261 App. Div. 1071).
Accordingly, the motion to reargue is granted, and on reargument the original decision is withdrawn and the motion to vacate the warrant of attachment is granted. However, the court believes that the ends of justice require an immediate trial in this matter; therefore the defendant is directed to serve his answer within five days after publication of this decision and notice this case for trial within 10 days thereafter. The clerk is directed to accept the note of issue. This determination is without prejudice to such action as the plaintiff elects.
Settle order.