■ PIERRE BOURGEOIS, Appellant, v. FRANK A. CELENTANO et al., as Executors of PAUL V. MCNUTT, Deceased, Respondents.— Order granting summary judgment to defendants and the judgment entered thereon, unanimously affirmed, with costs to respondents. In granting summary judgment, Special Term excluded from consideration the averments in the affidavits which, in the absence of a waiver, would have been inadmissible on a trial because of the provisions of section 347 of the Civil Practice Act. This court has, however, examined and weighed all of the affidavits including statements of facts and circumstances of transactions with the decedent, and from the entire record has concluded that there is no triable issue and the plaintiff's claim lacks merit. This court's view is that on a motion for summary jugment matter which might be excluded on a trial pursuant to section 347 of the Civil Practice Act may nevertheless be considered in determining whether a triable issue exists to defeat the motion (see, contra, *Ditkoff* v. *Prudential Sav. Bank,* 245 App. Div. 748 [2d Dept., 1935]). Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ SHERMAN S. KRELLBERG et al., Respondents, v. PAUL GREGORY et al., Appellants.— Order denying motion to vacate warrant of attachment unanimously reversed, on the law, with $20 costs and disbursements to defendants-appellants, and, in the exercise of discretion, the motion remanded to Special Term with leave to plaintiffs-respondents to submit, within 15 days of service of the order herein, additional affidavits in support of the warrant. While the court should not attempt to decide the merits of a controversy on a motion to vacate an attachment, the attachment papers must contain evidence from which the court can determine that the ultimate facts alleged in the complaint can be substantiated (Civ. Prac. Act, § 903; *Bard-Parker Co.* v. *Dictograph Prods. Co.,* 258 App. Div. 638, 640; *Miller Bros. Constr. Co.* v. *Thew Shovel Co.,* 248 App. Div. 150, 151; Tripp, A Guide to Motion Practice [rev. ed.], § 132). The papers on which this warrant issued are lacking in several crucial matters necessary to prove a cause of action in fraud. There is insufficient evidentiary averment that the representations on which the claim is based were false at the time the representations were made. In addition, the attachment papers fail to show the facts from which plaintiffs-respondents later determined that the representations were then untrue, or that the actual pecuniary loss sustained is equal to the amount invested. In furtherance of justice, however, plaintiffs-respondents are entitled to supply the defects in the original proof by supplemental affidavits. The attachment papers suggest that there may be basis for the action and the warrant, and the defects are not of a jurisdictional nature in view of the uncontroverted ultimate facts alleged in the complaint (Civ. Prac. Act, § 822; cf. *Grassi* v. *La Sociedad Bancauria Del Chimborazo,* 213 App. Div. 629, 634–637; Tripp, *op. cit.,* § 133). Concur — Botein, P. J., Breitel, M. M. Frank, Valente and McNally, JJ.